**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated, | No. CV-13-00921-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Ismael Ibarra Macia, et al., | |
| Defendants. | |

Plaintiff has moved for costs in the amount $1,392.40 and attorney's fees in the amount of $2,328.75. Doc. 17. No response has been filed. The Court will grant the motion in part.

This case was a civil action brought pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 605 *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq*. Doc. 16. Plaintiffs were awarded a default judgment on January 13, 2014. Doc. 16.

Under the Communications Act of 1934, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Pursuant to Local Rule 54.2, a party seeking to recover attorney's fees must file and serve a motion that includes a discussion of: (1) the statutory or contractual authority for eligibility for attorneys' fees; (2) factors entitling the party to attorneys' fees; and (3) the reasonableness of the requested award. LRCiv 54.2(c). The memorandum should be supported by the following documentation: (1) statement of consultation; (2) fee agreement; (3) itemized statement of fees and expenses; and (4) an affidavit of moving counsel. LRCiv 54.2(d).

With respect to costs, Local Rule 54.1(a) directs prevailing parties seeking costs to "include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached."  LRCiv 54.1(a).

**I.     Attorneys' Fees.**

Rule 54.2(d) describes the requirements for supporting documentation for requests for attorneys' fees, including the statement of consultation that must be included. Plaintiffs have not attached a statement of consultation to their motion here.  It is, therefore, unclear whether any such consultation occurred.  Defendants, however, have failed to appear in this case, and the Court will, therefore, consider the motion despite Plaintiff's failure to adhere to Local Rule 54.2(d).

There are, nevertheless, serious problems with the time-based itemized statement of fees submitted by Plaintiff.  The rule requires that all time entries for legal research "identify the specific legal issue researched and, if appropriate, should identify the pleading or document the preparation of which occasioned the conduct of the research. Time entries simply stating 'research' or 'legal research' are inadequate and the court may reduce the award accordingly."  LRCiv 54.2(e)(2)(B).

There are numerous such entries in Plaintiff's itemized logs.  Additionally, Plaintiff seeks to recover $547.50 in fees for work done by an administrative assistant. Doc. 17-3 at 8.  Although some of this work may have been substantive legal work under a lawyer's supervision, most of the work is secretarial in nature.  Secretarial or clerical work is not properly included in an award of attorneys' fees.  *See J & J Sports Prods., Inc. v. Mosqueda*, CV-12-00523-PHX-DGC, 2013 WL 5336848 (D. Ariz. Sept. 24, 2013); *Schrum v. Burlington N. Santa Fe Ry. Co.,* No. CIV 04-0619, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008).  The Court is particularly reluctant to award fees for this work, as many of Plaintiff's itemized time entries appear to be a lawyer's review or duplication of the administrator's tasks.  The Court has admonished Plaintiff for many of these same shortcomings in motions for attorney's fees in other cases.  *See Mosqueda*,

2013 WL 5336848. The Court will, therefore, reduce the fees requested by the amount that Plaintiff seeks for time spent by the administrative assistant. The Court, in its discretion, will award attorney's fees of $1,781.25.

## II.   Costs.

The statute entitles Plaintiff to "the recovery of full costs." 47 U.S.C. § 605(e)(3)(B)(iii). That provision has been interpreted as including even non-taxable investigator costs. *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006) ("the 'full costs' permitted under § 605(e)(3)(B)(iii) both differ from, and can exceed, the 'taxable costs').

Even though the court has the power to direct the recovery of investigative fees, it is not required to do so. *Id*. (citing *Int'l Cablevision, Inc. v. Noel,* 982 F. Supp. 904, 918 (W.D.N.Y.1997)). Rather, "[i]n order to recover investigative costs a plaintiff must make a showing similar to that required to recover attorneys' fees," and the movant "must document (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." *Id.* (internal cites and quotes omitted).

Plaintiff has provided no supporting documentation for the reasonableness of the $625 in investigative fees requested, has not identified the hourly rate for the investigator(s) used, and has not even identified the investigator(s), much less described their qualifications. The Court will not award costs for these investigative services.

**IT IS ORDERED** that Plaintiff's motion for award of costs and attorneys' fees (Doc. 17) is **granted in part and denied in part.** $585.00 is awarded for costs attributed to clerk's fees and fees for service of summons and subpoena, but Plaintiff may not recover investigative fees. Plaintiff is awarded $1,781.25 in attorneys' fees.

Dated this 29th day of July, 2014.

_____
David G. Campbell
United States District Judge